

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 5, 1968

Honorable Jesse James
State Treasurer
State Capitol Building
Austin, Texas 78711

Opinion No. M-197

Re: Authority of the State
depository board to ac-
cept "preliminary loan
notes issued by public
housing authorities" and
"participation certifi-
cates issued by the Fed-
eral National Mortgage
Association" as collateral
for State deposits.

Dear Mr. James:

You have submitted printed materials describing certain
obligations issued by public housing authorities, to-wit:

1. "Preliminary loan notes"; and

2. "Participation certificates issued by the Federal
National Mortgage Association."

Based upon the information furnished, you have requested
our opinion as to whether such obligations may be accepted as
collateral for State deposits.

Attorney General's Opinion WW-11 (1957) reads, in part,
as follows:

"Your recent letter presents the question of
whether bonds issued by a Public Housing Authority
may be used as collateral to secure the deposit of
State funds.

"Article 2529, V.C.S., is the statute which per-
mits a depository of State funds to post a surety bond
or pledge certain types of securities as collateral
for State deposits. None of the enumerated types of
securities will cover the obligations issued or to be
issued by a Public Housing Authority unless the language
'all other bonds which are guaranteed as to both prin-
cipal and interest by the United States' is applicable.

-948-

"...

"The State Depository Law, insofar as the enumerated eligible securities are concerned, is the general law, and where a special act states that an additional security may be used as collateral, that special act will be treated as an exception to the normal rule in order that both enactments may apply to their appropriate spheres. Simpson v. Booth, 163 S.W.2d 1080 (Tex. Civ. App., 1942) error ref.; 39 Tex. Jur., 'Statutes' Secs. 81, 82. In 1939, the Legislature of Texas, 46th Legislature, page 427 (codified by Vernon as Article 1269k-1) passed such a special statute, which reads, in part:

'Notwithstanding any restrictions on investments contained in any laws of this state, the state and all public officers . . . may legally invest any sinking funds . . . in any bond . . . issued by a housing authority pursuant to the Housing Authority Law (Article 1269k, V.C.S.) . . . or issued by any other public housing authority or agency in the United States, when such bonds . . . are secured by a pledge of annual contribution to be paid by the United States Government or any agency thereof, and such bonds . . . shall be authorized security for all public deposits . . .' (Emphasis supplied).

"The caption of the act reads, in part as follows:

'An act to provide that bonds and other obligations issued by any public housing authority or agency in the United States, when secured by a pledge of annual contributions to be paid by the United States Government, shall be security for all public deposits and legal investments for the state and public officers . . .' (Emphasis supplied).

"The effect of the 1939 statute is to add, by special enactment, an additional type of eligible

security as collateral for state deposits.  In no
other manner are the provisions of Article 2529, V.C.S.
affected . . . .

". . . you and the State Depository Board
are respectfully advised that the obligations may
be accepted as collateral for state deposits only
if the Federal Government guarantees that annual
contributions will be made, sufficient to supple-
ment local funds, so as to meet the principal
and interest requirements of the particular bonds
tendered as the same shall become due.  Each
bond transcript will have to be examined in-
dividually to determine if this requirement has
been met."

A copy of one of the "Preliminary Loan Notes" under
consideration has been submitted to us with your request.
The following guarantee appears therein:

### "PAYMENT AGREEMENT

"Pursuant to section 102(c) of the Housing
Act of 1949, as amended (42 U.S.C. 1452(c)),
the United States hereby unconditionally
agrees that on the Maturity Date of the within
Preliminary Loan Note it will pay or cause to
be paid to the bearer thereof the principal
of and interest thereon, upon the presentation
and surrender of such Note to the Paying Agent
designated therein, and the full faith and credit
of the United States is pledged to such payment.
Under section 102(c) of the Act, this Agree-
ment shall be construed separate and apart from
the loan contract referred to in the within
Note and shall be incontestable in the hands
of a bearer.

"IN WITNESS WHEREOF, this Agreement has been
executed on behalf of the United States by
the duly authorized facsimile signature of
the Secretary of Housing and Urban Develop-
ment, as of the Date of Issue of the within
Note.

                        UNITED STATES OF AMERICA

                        By s/ Robert C. Weaver
                           Secretary of Housing and
                           Urban Development"

It is our understanding that all other "preliminary loan notes" which are under consideration as collateral for State deposits, and that all "participation certificates issued by the Federal Mortgage Association" which are under consideration as collateral for State deposits, are similarly guaranteed by the United States Government or an agency thereof as to the entire principal and interest. <u>Each of said obligations must be examined individually to determine if this requirement has been met.</u>

Assuming that each of the obligations in question is found on individual examination to be guaranteed by the United States Government or an agency thereof as to the entire principal and interest, the State Depository Board may accept the same as collateral for State deposits.

## S U M M A R Y

The State Depository Board may accept both "preliminary loan notes issued by public housing authorities" and "participation certificates issued by the Federal National Mortgage Association" as collateral for State deposits, if upon individual examination, each of the obligations proves to be guaranteed by the United States Government, or an agency thereof, as to the entire principal and interest.

Very truly yours,

CRAWFORD MARTIN
Attorney General of Texas

Prepared by Larry Craddock
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Hal Sharpley
W.V. Geppert
John Reeves
Alvin Zimmerman

Executive Assistant
A. J. Carubbi, Jr.